UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

———————————————————————————————————————————————

CARLSON MARKETING GROUP, INC.,
a New Jersey corporation,                                    Civil No. 04-CV-3368

                    Plaintiff,

v.                                                           ORDER DENYING "MOTION
                                                                TO STRIKE" AFFIDAVITS
ROYAL INDEMNITY COMPANY, a
Delaware corporation, and NATIONAL
UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, a Pennsylvania
corporation,

                    Defendants.

———————————————————————————————————————————————

        Martin Lueck, Richard Allyn, Daniel Berglund, and Terrance Joy, ROBINS KAPLAN
        MILLER & CIRESI, LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402, for
        Carlson Marketing Group, Inc.

        Shaun Baldwin, TRESSLER SODERSTROM MALONEY & PRIESS, 233 South
        Wacker Drive, 22nd Floor, Chicago, IL 60606, for Royal Indemnity Company.

        Matthew Fink and Robert Marshall, BATES & CAREY, LLP, 191 North Wacker Drive,
        Suite 2400, Chicago, IL 60606, for National Union Fire Insurance Company.


        This is an extremely complicated but otherwise unremarkable insurance coverage action.

Plaintiff Carlson Marketing Group, Inc. ("Carlson") settled two patent-infringement lawsuits and

now seeks indemnification from its excess carriers, defendants Royal Indemnity Company

("Royal") and National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National

Union").  All of the parties have moved for full or partial summary judgment, and a hearing on

those motions was held yesterday morning.

When the undersigned began preparing for yesterday's hearing, he was surprised to find that the parties had filed a total of *22 briefs*.  This is a coverage dispute.  It involves only one insured and only two insurers.  Each of the three parties has moved for summary judgment, but their motions overlap to a substantial extent.  In several instances, a motion and cross-motion involve interpretation of the same term of an insurance policy.  How, then, can such a case produce 22 briefs?

To begin with, although each of three parties moved for summary judgment, the total number of summary-judgment motions was five.  That is because one party — National Union — decided that it would split what should have been one motion for full summary judgment into three motions for partial summary judgment.  National Union apparently thought that, if it filed only one motion for summary judgment (as Carlson did and as Royal did), it would not have enough space in its briefs to discuss all of the issues that it wanted to address.  Under Local Rule 7.1(c), no party is permitted to file a memorandum of law that exceeds 12,000 words.[1]

National Union may have been correct.  National Union had a remedy, though.  Local Rule 7.1(c) allows parties to exceed the 12,000-word limit "by permission of the Court."  As long as National Union sought permission to file an overly long brief before actually filing that overly long brief, *see Randall v. Lady of Am. Franchise Corp.*, Case No. 04-CV-3394 (PJS/RLE) (D. Minn. Sept. 13, 2006), any reasonable request by National Union to exceed the 12,000-word limit would have been granted.

---

[1]If a party wants to file both a memorandum of law and a reply memorandum of law, the two memoranda together may not exceed 12,000 words.

But National Union did not seek such permission.  Instead, it engaged in self-help.  It split its summary-judgment motion into three, filing three separate motions for partial summary judgment on the same day.  In that way, National Union gave itself the right to file briefs totaling 36,000 words rather than briefs totaling 12,000 words.  National Union also had 12,000 words to respond to Carlson's motion and another 12,000 words to respond to Royal's motion.  In other words, National Union "self-helped" its way to a *60,000*-word limit on its overall briefing.[2]

That's not all.  National Union also filed two "motions to strike" — one entitled "Motion to Strike the Affidavits of Stephanie Cavanor, Jan Adler Lubar, and James Dixon and the Transcript of the Deposition of Janice Lubar," and the other entitled "Motion to Strike the Supplemental Affidavit of Jan Adler Lubar."   In a memorandum supporting its motions, National Union argued, among other things, that because certain terms of the insurance policies were clear, this Court should not consider the extrinsic evidence that had been submitted by Carlson and Royal.  In response, Carlson and Royal each filed a memorandum arguing that their extrinsic evidence should be considered.

Arguments about the clarity of contractual terms and the appropriateness of resorting to extrinsic evidence are commonly made in contract disputes.  They are arguments that belong in memoranda supporting or opposing motions for summary judgment.  They are not arguments that belong in memoranda supporting or opposing "motions to strike."  This is true for two reasons:

First, there is no such thing as a "motion to strike" — at least when the paper being targeted is a memorandum or affidavit submitted in connection with a motion for summary

---

[2]National Union ended up using "only" 45,106 of the 60,000 words available to it.

judgment.  No such motion is authorized by the Federal Rules of Civil Procedure, and no such

motion is authorized by the local rules of this District.  Civil Rule 12(f) comes closest,

authorizing parties to move a court to strike certain material from a *pleading*.  But neither a

memorandum nor an affidavit is a "pleading."  *See* Fed. R. Civ. P. 8.  This point has been made

repeatedly, both by judges of this District and judges of other districts.  *See, e.g.*, *Smith v. United*

*HealthCare Servs., Inc.*, 2003 WL 22047861, at *3 n.7 (D. Minn. Aug. 28, 2003); *Big Stone*

*Broadcasting, Inc. v. Lindbloom*, 161 F.Supp.2d 1009, 1013 (D.S.D. 2001); *VanDanacker v.*

*Main Motor Sales Co.*, 109 F.Supp.2d 1045, 1047 (D. Minn. 2000).  And yet litigants continue to

file "motions to strike."

The second reason why arguments that go to the merits should be included in a

memorandum supporting or opposing a motion for summary judgment — and not in a

memorandum regarding a "motion to strike" — is that addressing the merits in the latter type of

memorandum is another way of evading Local Rule 7.1(c).  If a party argues about the clarity of

the policy terms and the irrelevance of extrinsic evidence in its summary-judgment papers, then

those arguments count against the 12,000-word limit.  But if the same party makes the same

arguments in a memoranda regarding a "motion to strike," then the words do not count against

the limit, and the limit is easily circumvented.

In the future, this Court will not accept the kind of "motion splitting" engaged in by

National Union in this case.  True, National Union violated only the spirit, and not the letter, of

Local Rule 7.1(c).  But this Court has the ability to make certain that the local rules of this

District accomplish their purpose.  If conduct like National Union's were to be overlooked, the

limits in Local Rule 7.1(c) would be rendered largely meaningless.  It is the rare summary-

judgment motion that does not present at least two or three distinct issues, and thus it is the rare summary-judgment motion that could not be split into two or three motions for partial summary judgment.

The Court recognizes that sometimes it is entirely appropriate to bring a motion for partial summary judgment — and then, depending on the Court's ruling and other developments in the case, later bring a second motion for summary judgment. That is not the conduct that concerns the Court. Rather, the Court is addressing the practice of bringing multiple motions for partial summary judgment in close proximity when there is no reason (legal or practical) why all arguments could not be combined in one motion. In the future, when a litigant splits one summary-judgment motion into multiple summary-judgment motions, the Court will treat all papers filed in support of all motions as one brief — and, if that brief exceeds 12,000 words, the papers will be returned to the movant with instructions to consolidate them into one submission that complies with Local Rule 7.1(c).

The Court will take a similar approach to "motions to strike" that are aimed at memoranda, affidavits, or anything else that is not a pleading for purposes of Civil Rule 12(f). Such motions will be denied — and, in appropriate cases, the attorneys who file them may be sanctioned. Civil Rule 11(b) provides that, in signing a "motion to strike," an attorney is certifying that, to the best of his or her knowledge, that motion is "not being presented for any improper purpose" (such as to evade the word limits of Local Rule 7.1(c)) and "warranted by existing law." In light of what this Court and others have said about "motions to strike," an attorney has little reason to believe that such a motion is "warranted by existing law."

Moreover, when a memorandum is filed in support of a "motion to strike," this Court will treat that memorandum as an extension of the summary-judgment papers.  If the words used in briefing the "motion to strike" together with the words used in briefing the summary-judgment motion exceed 12,000, then all papers will be returned to counsel with instructions to submit one memorandum that complies with Local Rule 7.1(c).

This is not mere nitpicking.  The time of federal judges is scarce.  The undersigned alone has well over 300 civil cases assigned to him, and some judges of this and other districts have many more.  Parties sometimes have to wait months to get a motion heard and months after the hearing to get the motion decided.  In addition, parties often have to endure long delays before a civil case is tried.  Those delays do not impact all litigants equally.  The more vulnerable the litigant, the more the litigant is harmed by delay.  When a party manipulates the rules, and the result is that a judge must spend hours reading through 22 exceedingly repetitive briefs in order to prepare for a single hearing, then the judge is not the only one who is harmed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1.   National Union's "Motion to Strike the Affidavits of Stephanie Cavanor, Jan Adler Lubar, and James Dixon and the Transcript of the Deposition of Janice Lubar" [Docket No. 125] is DENIED; and

2.  National Union's "Motion to Strike the Supplemental Affidavit of Jan Adler Lubar" [Docket No. 149] is DENIED.

Dated:  October 11,  2006                    s/Patrick J. Schiltz

Patrick J. Schiltz
United States District Judge